# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF MINNESOTA

| | | |
|---|---|---|
| In re: | ) | Bky. Case No. 23-60306 |
| | ) | Chapter 7 |
| Donald Lynn Hunt, | ) | |
| Janell Elodie Hunt, | ) | |
| | ) | |
| Debtors. | ) | |
| | ) | |
| Gene W. Doeling as Bankruptcy Trustee, | ) | **FINDINGS OF FACT, CONCLUSIONS OF LAW, AND ORDER FOR JUDGMENT** |
| Plaintiff, | ) | |
| v. | ) | |
| Donald Noah Dimitrius Hunt, | ) | |
| Defendant. | ) | Adversary No. 23-06012 |

The Plaintiff's motion for default judgment is before the Court. Based on the motion and supporting documents, the Court makes the following:

## FINDINGS OF FACT[1]

1. Gene W. Doeling is the bankruptcy trustee appointed in the bankruptcy case of Donald Lynn Hunt and Janell Elodie Hunt.

2. The Chapter 7 bankruptcy case is captioned In re Donald Lynn Hunt and Janell Elodie Hunt, case number 23-60306, Bankr. D. Minn., and it remains open.

3. The trustee brought this action to avoid a transfer made by the Debtors to the Defendant pursuant to 11 U.S.C. § 548 and recover the value of said transfer. The Court has jurisdiction over this matter pursuant to U.S.C. § 1334. This is a core proceeding within the meaning of 28 U.S.C. § 157.

---

[1] To the extent the following Findings of Fact contain legal conclusions, those shall be deemed Conclusions of Law, and to the extent the following Conclusions of Law contain factual findings, those shall be deemed Findings of Fact.

4. The Defendant is the Debtors' grandson, who is a resident of the State of Minnesota.

5. The Debtors, on or about May 31, 2022, purchased a 2022 Marin Rift Zone bike and accessories from Muddy Bikes for $2,638.59 which they then transferred to the Defendant.

6. The Debtors did not receive reasonably equivalent value in exchange for this transfer.

7. The Debtors were insolvent at all times or became insolvent as a result of such transfer.

## CONCLUSIONS OF LAW

1. This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 157 and 1334. This proceeding is a core proceeding.

2. The trustee has standing to commence this adversary proceeding pursuant to 11 U.S.C. § 548.

3. On or about May 2022 the Debtors made the transfer of items purchased in the amount of $2,638.59 from Muddy Bikes to the Defendant. The Debtors made this transfer for Defendant's benefit, and possibly other unknown transfers/payments, within the two years preceding the filing of the bankruptcy petition, and the Debtors received less than a reasonably equivalent value in exchange for the transfer, made the transfer when they were insolvent, or they became insolvent as a result of the transfer. Pursuant to 11 U.S.C. § 548, and § 551 the Plaintiff, as trustee for the bankruptcy estate, is entitled to avoid the transfer alleged and recover the $2,638.59 of value transferred to the Defendant Donald Noah Dimitrius Hunt.

## ORDER FOR JUDGMENT

IT IS THE ORDER OF THE COURT that default judgment shall be granted the Plaintiff for

the relief requested in his complaint. Specifically, judgment should be entered ordering the Defendant to pay to the bankruptcy estate the amount of the transfer of not less than $2,638.59, plus court costs of $350, for a total judgment amount of $2,988.59.

      LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated: *January 31, 2024*         */e/ Michael E. Ridgway*
Michael E. Ridgway
United States Bankruptcy Judge